

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| **ANDRE DONNELL ROUTT** | § | |
| | § | |
| v. | § | CASE NO. 1:94-CR-12(02) |
| | § | |
| **UNITED STATES OF AMERICA** | § | |

**ORDER**

Pending before the Court is *Defendant's Motion to Modify Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2) Based Upon Sentencing Errors* [Clerk's doc. #265].

**A.     Background**

Defendant was indicted on January 19, 1994, by a federal grand jury sitting in the Eastern District of Texas. *See sealed Pre-Sentence Report (PSR), ¶ 1.* The one - count Indictment charged Defendant and other co-conspirators with conspiracy to distribute five (5) kilograms or more of cocaine, in violation of Title 21, United States Code, Section 846. *Id.* The charge carries a term of imprisonment of not less than ten (10) years nor more than life imprisonment. *PSR, ¶ 4.* On May 31, 1994, Defendant appeared before Judge Howell Cobb for a jury trial and the jury returned a guilty verdict that same day. *Id.* In the pre-sentence report, the probation officer determined that Defendant was accountable for 4513.40 kilograms of cocaine powder in the conspiracy, which yielded a base offense level of 42. *PSR, ¶ 34.* Defendant received a two (2) level enhancement

under U.S.S.G. § 2D1.1(b)(1) for possession of a firearm and a four (4) level enhancement under U.S.S.G. § 3B1.1(a) as an organizer or leader of the criminal organization. *PSR, ¶¶ 35, 37.* Therefore, Defendant's total offense level was determined to be 48. *PSR, ¶ 40.* Defendant's criminal history category was determined to be category IV. *PSR, ¶ 50.* Based on the total offense level of 48 and criminal history category of IV, Defendant's guideline imprisonment range was calculated to be life.[1] *PSR, ¶ 61.* On August 19, 1994, Judge Cobb sentenced Defendant to life imprisonment. *See Judgment* [Clerk's doc. # 172].

**B.   Defendant's motion**

In his motion, Defendant argues that Amendment 505 to the Sentencing Guidelines should be applied retroactively through Title 18, United States Code, § 3582(c)(2) to reduce his base offense level to 38. In addition, Defendant argues that there was no specific drug amount attributable to him set forth in the Indictment and the "preponderance of the evidence" standard was improperly used to calculate the amount of drugs attributable to him in determining the base offense level. Defendant contends that this is in violation of "Supreme Court precedents" and, therefore, the only amount of drugs which can be shown to be attributable to him beyond a reasonable doubt is the amount set forth in the indictment which was five (5) kilograms, which corresponds to a base offense level of 32.

**C.   The Government's Response**

The Government responds that, at sentencing, the Court determined that Defendant was accountable for 4513.40 kilograms of cocaine. At the time of Defendant's sentencing, Section

---

[1] In his motion, Defendant agrees that his offense level was determined to be 48 and his criminal history category was determined to be IV. *Defendant's motion, p.1.*

2D1.1(c)(1) of the Sentencing Guidelines provided that offenses involving 1500 kilograms or more of cocaine yield a base offense level of 42. U.S.S.G. §2D1.1(c)(1) (November 1993). The current version of § 2D1.1(c)(1) provides a maximum base offense level of 38 for drug offenses involving 150 kilograms or more of cocaine. U.S.S.G. § 2D1.1(c)(1) (November 2005). Therefore, according to the Government, if Defendant were sentenced today, his base offense level would be calculated to be 38. Adding the two-level enhancement for possession of a firearm and the four-level enhancement for his role in the offense, the total offense level would be 44. According to the Government, an offense level of 44 coupled with a criminal history category of IV still results in a guideline range of life imprisonment. The Government argues that Defendant's guideline range was not lowered by Amendment 505 and, therefore, he is not entitled to a reduction in his term of imprisonment.[2]

**D.  Analysis**

As stated above, Defendant moved for a modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2), requesting that his sentence be reduced in light of Amendment 505 to U.S.S.G. § 2D1.1(c), which reduced the maximum base offense level outlined in the drug quantity table from 42 to 38. Section 3582(c)(2) permits a district court to reduce a term of imprisonment when it is based upon a sentencing range that has subsequently been lowered by an amendment to the Guidelines, if such a reduction is consistent with the policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(2); *see also United States v. Gonzalez-Balderas*, 105 F.3d 981,

---

[2] In the alternative, the Government argues that if the Court, in applying section 1B1.10(a) of the Sentencing Guidelines, chooses to consider the phrase lowered "guideline range" to mean a reduction in the applicable drug quantity level, Defendant should not receive a reduction in sentence because the Court would reach the same conclusion as it did in 1994; that the appropriate sentence is life imprisonment.

982 (5th Cir. 1997). Subsection (c) of U.S.S.G. § 1B1.10, the applicable policy statement, dictates that Amendment 505 is designated for retroactive application. *Gonzalez-Balderas*, 105 F.3d at 982.

If Amendment 505 is applied retroactively, the decision to reduce a sentence is left to the sound discretion of the trial court. *Id.* In exercising this discretion, the district court is to consider the sentence that it would have imposed had Amendment 505 been in effect at the time defendant was sentenced. *Id.* In addition, 18 U.S.C. 3582(c)(2) directs the district court to consider the factors set forth in 18 U.S.C. § 3553(a) when determining the defendant's sentence.

As noted by the Government, Amendment 505 is to be applied retroactively when Defendant's <u>sentencing range</u> has been lowered by an amendment to the Sentencing Guidelines. 18 U.S.C. § 3582(c)(2) (emphasis added). It is apparent that even if Amendment 505 is applied retroactively in this case, Defendant's base offense level would be reduced to 38. However, he would still receive a two-level enhancement for possession of a firearm and a four-level enhancement for his role in the offense. Therefore, his sentencing guideline range would remain at life imprisonment. It is clear that Amendment 505 did not lower Defendant's sentencing guideline range and a reduction in sentence may not even be allowed under 18 U.S.C. § 3582(c)(2).

The facts in this case are very similar to the facts in *Gonzalez-Balderas*. In that case, the district court summarily denied the defendant's motion for reduction of sentence without considering the factors set forth in 18 U.S.C. § 3553(a). *Gonzalez-Balderas*, 105 F.3d at 982. The Fifth Circuit Court of Appeals noted that although Amendment 505 did lower the defendant's offense level, his "new" offense level of 44 still gave rise to life imprisonment. *Id.* at 984. The Fifth Circuit held that because the district court was bound to sentence the defendant to life imprisonment, it did not abuse its discretion in summarily denying his motion for reduction of

sentence without explicitly considering the factors set forth in 18 U.S.C. § 3553(a). *See also United States v. Berry*, 51 Fed. Appx. 483 (5th Cir. 2002), *cert. denied* 537 U.S. 1176 (2003) (no abuse of discretion shown in denying defendant's motion to reduce sentence when defendant has not shown that a reduction in his base offense level would result in a change in the applicable term of imprisonment); *United States v. Allen*, 213 F.3d 637 (5th Cir. 2000) (no abuse of discretion shown in denial of defendant's motion for reduction of sentence when his new offense level would still result in a term of life imprisonment).

Given these facts, this Court could summarily deny Defendant's motion. However, this Court has considered the factors set forth in Title 18, United States Code, Section 3553(a) and finds that life imprisonment is an appropriate sentence in this case. Defendant's motion for reduction of sentence is denied on this ground.

In addition, as stated above, Defendant argues that there was no specific drug amount attributable to him set forth in the Indictment and the "preponderance of the evidence" standard was improperly used to calculate the amount of drugs attributable to him in determining the base offense level. Defendant contends that this is in violation of "Supreme Court precedents" and was decided without the benefit of a jury determination utilizing the beyond a reasonable doubt standard. Defendant's challenge in this regard is not cognizable in the context of a 18 U.S.C. § 3582(c)(2) motion because it is not based on a retroactive amendment to the Sentencing Guidelines. *See United States v. Shaw*, 30 F.3d 26, 29 (5th Cir. 1994).

Accordingly, because Defendant's guideline range remains at life imprisonment, and his related claim is not cognizable in the context of a motion under 18 U.S.C. § 3582(c)(2), the Court **ORDERS** that his *Motion to Modify Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2)*

*Based Upon Sentencing Errors* [Clerk's doc. #265] is **DENIED**.

So **ORDERED** and **SIGNED** this **28** day of **June, 2006.**

_____
Ron Clark, United States District Judge