# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DIVISION OF TEXAS
# BEAUMONT DIVISION

No. 1:94-CR-12

United States of America

v.

Andre D. Routt

        Defendant

**Memorandum and Order**

  Defendant Routt's motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) was denied on June 8, 2009. He filed a *pro se* notice of appeal on June 23, 2009. The court of appeals, noting that defendant's notice of appeal was not timely filed,[1] remanded this action to the district court to determine whether defendant has shown excusable neglect or good cause sufficient for the court to grant an additional 30 days in which to file a notice of appeal.

  When the appellate mandate was returned to this court, the determination of whether defendant has shown excusable neglect or good cause for his untimely filing was referred to the undersigned magistrate judge who ordered defendant, on September 25, 2009, to file a statement explaining any reason for the delay.

---

[1] Federal Rule of Appellate Procedure 4(b) requires that "a defendant's notice of appeal must be filed in the district court within ten days after the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal." Federal Rule of Appellate Procedure 26 (a)(2) provides that the computing of time excludes "intermediate Saturdays, Sundays, and legal holidays when the period is less than 11 days."

Defendant filed a timely response stating that he did not file his notice of appeal earlier because he did not receive a copy of the June 8, 2009, order denying his motion until June 18, 2009.

Discussion

A district court may grant a thirty-day extension of time within which to file a notice of appeal upon a finding of "excusable neglect" or "good cause." These are terms of art succinctly described in the advisory committee's notes to 2002 amendments to Rule 4, Federal Rules of Appellate Procedure:

> "The *excusable neglect* standard applies in situations in which there is *fault*; in such situations, the need for an extension is usually occasioned by something within the control of the movant. The *good cause* standard applies in situations in which there is *no fault* -- excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant. Thus, the good cause standard can apply to motions brought during the 30 days following the expiration of the original deadline."

Fed. R. App. P. 4 advisory committee's note, subdivision (a)(5)(A)(ii) (emphasis supplied). The advisory committee's note also states "most court of appeals have held that the good cause standard applies only to motions brought prior to the expiration of the original deadline and that the excusable neglect standard applies only to motions brought during the 30 days following the expiration of the original deadline." See Pontarelli v. Stone, 930 F.2d 104, 109 (1st Cir. 1991).

Application

The order from which Routt wishes to appeal was entered on June 8, 2009. Routt received the order on June 17, 2009. The ten-day deadline for filing a notice of appeal – excluding any intervening Saturday, Sunday or holiday – expired on Monday, June 22, 2009. Routt's notice of appeal was not deposited into the mail until June 23, 2009. The notice was received and filed by the district clerk on June 25, 2009. Under the "prison mailbox rule," inmates'

submissions to the court are deemed filed on the date they are deposited into the prison mail system for delivery. Fed. R. App. P. 4(c)(1). Accordingly, Routt's notice of appeal is deemed filed on June 23, 2009.

Although Routt's response to the court's recent order states that he did not receive notice of the denial of his Section 3582(c) motion until June 18, 2009, his notice of appeal acknowledges that he had received such notice at least by June 17, 2009. In either event, Routt was aware of the order which he desires to appeal several days before he submitted a notice of intent to appeal. Since he was aware of the court's denial of his Section 3582(c) motion for several days before the ten-day deadline for filing a notice of appeal, and failed to file a timely notice of appeal, any proposed thirty-day extension within which to file such notice properly is examined under the excusable neglect standard.

Routt offers no facts to excuse his failure to observe the filing deadline other than a simple assertion that he did not receive notice of the district court's action until June 17 or 18, 2009. Routt apparently believes that his time for filing a notice of appeal did not begin to run until he *received* the court's order. But, according to the plain language of Rule 4, the time for appeal runs from *entry* of the order or judgment. Fed. R. App. P. 4(b)(1)(A)(i). A mistaken notion that ten days from receipt of the order are available within which to file a notice of appeal constitutes neither excusable neglect nor good cause for granting an extension. Inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect. Pioneer Inv. Services, Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 391 (1993).[2]

---

[2] United States v. Evbuomwan, reported at 36 F.3d 89 (5th Cir. 1994)(table), an unpublished opinion, held that Pioneer, a bankruptcy case, applied to a Rule 4(b) finding of excusable neglect. The Fifth Circuit also has noted the uniformity of the Circuits in extending Pioneer beyond bankruptcy. See City of Chanute v. Williams Natural Gas Co., 31 F.3d 1041, 1046 (10th Cir. 1994); Kyle v. Campbell Soup Co., 28 F.3d 928, 931 (9th Cir. Cal. 1994); Weinstock v. Cleary, Gottlieb, Steen & Hamilton, 16 F.3d 501, 503 (2nd Cir. 1994).

Routt's incarceration inevitably results in significant personal limitations. Further, Routt cannot be considered truculent or deliberately indifferent, as he did mail his notice of appeal only one day late. Thus, to deny an extension is harsh. But missing an inch is like missing a mile absent some good reason. Here, Routt offers no evidence that conditions of confinement caused any delay. Further, three of the five days remaining for depositing a timely notice of appeal in the mail after receiving the court's ruling on the Section 3582(c) motion were regular weekdays when Routt's ability to engage in legal activities presumably were unimpaired.

A notice of appeal is a simple, one-page document with which Routt is familiar.[3] Under these circumstances, he fails to demonstrate excusable neglect or good cause for an extension of time within which to file his notice of appeal. It is, therefore,

**ORDERED** that a thirty-day extension for filing a notice of appeal is **DENIED**. It is further

**ORDERED** that he Clerk of Court is **DIRECTED** to transmit a copy of this court's order to the United States Court of Appeals for the Fifth Circuit.

SIGNED this __16__ day of November, 2009.

*Earl S. Hines*
Earl S. Hines
United States Magistrate Judge

---

[3] Defendant timely filed an earlier Notice of Appeal, regarding a separate order in this cause, on Feb.17,2006. Docket No. 268.